UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDGAR, INC.,
Plaintiff,

v. C.A. No. 2006-

THE BOMBAY COMPANY, INC., JURY TRIAL CLAIMED
Defendant.

CA 06 518 T

**COMPLAINT**

**PARTIES**

1. Plaintiff, EDGAR, INC., is a New York corporation with its offices in Providence, Rhode Island.

2. Defendant, THE BOMBAY COMPANY, INC. ("BOMBAY COMPANY"), is a Delaware corporation with its headquarters in Fort Worth, Texas. BOMBAY COMPANY has sufficient contacts with this forum to subject it to this court's *in personam* jurisdiction. Bombay Company operates retail stores in Rhode Island and throughout the United States and Canada.

**JURISDICTION**

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this matter arises under federal law. In particular, this is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* This court also has supplemental jurisdiction over the related state law claims, pursuant to 28 U.S.C. § 1367.

**FACTS**

4. Plaintiff, Edgar, Inc., manufactures and sells original gifts items created by Edgar Berebi, a world famous artist whose

original works of art include jewelry, stemware, picture frames, and collectible boxes. Edgar Berebi's genuine works are sold at high-end boutiques, jewelry stores, and department stores, such as Bloomingdale's.

5. Berebi's original works are registered with the U.S. Copyright Office and are the subject of more than 3,000 federal copyright registrations.

6. Among plaintiff's registered works are the following:

"#7440 Simone"
U.S. Copyright Registration No. VA 1-325-092
Registration Date: 11/17/2005

"January 2003 Frame Collection"
U.S. Copyright Registration No. VA 1-319-111
Registration Date: 5/4/2005

"June 2001 Frames"
U.S. Copyright Registration No. VA 1-315-002
Registration Date: 5/4/2005

"January 2000 Frames"
U.S. Copyright Registration No. VA 1-320-915
Registration Date: 5/20/2005

"January 1, 1999 Collection"
U.S. Copyright Registration No. VA 1-155-858
Registration Date: 2/6/2003

[Copies of the Certificates of Registration from the U.S. Copyright Office for the above works are annexed hereto as Exhibits 1 through 5.]

7. Without plaintiff's permission and in violation of plaintiff's rights, defendant is selling and offering for sale goods that imitate, copy, and infringe upon plaintiff's original, copyrighted works.

8. Defendant is conducting its infringing activities through its network of more than 450 retail stores, including its retail stores in

Rhode Island; through its interactive web site, www.bombaycompany.com; and through specialty catalogs, including its current catalog, entitled "Bombay 2006 Holiday Gift Guide".

**COUNT I**
(Copyright Infringement -- "#7440 Simone" --
U.S. Copyright Registration No. VA 1-325-092)

9. Paragraphs 1 through 8 are incorporated herein.

10. Defendant has infringed upon and is continuing to infringe upon "#7440 Simone", U.S. Copyright Registration No. VA 1-325-092.

11. Set forth below are pictures of plaintiff's original work and defendant's copy:

Berebi Frame 7440 Simone



Bombay "Red Glamour Frame" 6300351



12. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered money damages.

13. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

14. Defendant's acts of infringement have been and continue to be willful.

**WHEREFORE**, plaintiff prays for judgment in its favor and against defendant:

- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted work;

- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling the infringing work and any other works derived from or substantially similar to the infringing work;

- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing work and any other work derived from or substantially similar to the infringing work;

- for an order impounding the infringing work and any other work derived from or substantially similar to the infringing work;

- for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing work and any other work derived from or substantially similar to the infringing work;

- for a preliminary and a permanent injunction ordering defendant to remove from its catalogs, website, and stores all depictions of the infringing work and any other work derived from or substantially similar to the infringing work;

- for an accounting for all profits earned by defendant on the sale of the infringing work and any other work derived from or substantially similar to the infringing work;

- for an award of actual damages plus the defendant's profits, pursuant to 17 U.S.C. §504(b);

- for an award of statutory damages pursuant to 17 U.S.C. § 504(c);

- in view of the willful and deliberate nature of the copyright infringement, for an award of enhanced statutory damages against the defendant in the amount of $150,000 for each work infringed by the defendant, pursuant to 17 U.S.C. §504(c)(2);

- for an award of costs and attorneys' fees, pursuant to 17 U.S.C. § 505;

- for such other relief as the court deems just.

**COUNT II**

**(Copyright Infringement -- "January 2003 Frame Collection" -- U.S. Copyright Registration No. VA 1-319-111)**

15. Paragraphs 1 through 14 are incorporated herein.

16. Defendant has infringed upon and is continuing to infringe upon plaintiff's frame 7455, part of the "January 2003 Frame Collection", U.S. Copyright Registration No. VA 1-319-111.

17. Set forth below are pictures of plaintiff's original work and defendant's copy:

**Berebi Frame 7445**



**Bombay Ruby Enamel & Crystal Frame Item No. 6300429**



18. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered money damages.

19. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

20. Defendant's acts of infringement have been and continue to be willful.

**WHEREFORE**, plaintiff prays for judgment in its favor and against defendant:

- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted work;
- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling the infringing work and any other works derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing work and any other work derived from or substantially similar to the infringing work;
- for an order impounding the infringing work and any other work derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing work and any other work derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to remove from its catalogs, website, and stores all depictions of the infringing work and any other work derived from or substantially similar to the infringing work;
- for an accounting for all profits earned by defendant on the sale of the infringing work and any other work derived from or substantially similar to the infringing work;
- for an award of actual damages plus the defendant's profits, pursuant to 17 U.S.C. §504(b);
- for an award of statutory damages pursuant to 17 U.S.C. § 504(c);
- in view of the willful and deliberate nature of the copyright infringement, for an award of enhanced statutory damages against

the defendant in the amount of $150,000 for each work infringed by the defendant, pursuant to 17 U.S.C. §504(c)(2);

- for an award of costs and attorneys' fees, pursuant to 17 U.S.C. § 505;

- for such other relief as the court deems just.

COUNT III
(Copyright Infringement -- "June 2001 Frames" --
U.S. Copyright Registration No. VA 1-315-002)

21. Paragraphs 1 through 20 are incorporated herein.

22. Defendant has infringed upon and is continuing to infringe upon plaintiff's frame 7140, part of plaintiff's "June 2001 Frames" collection, U.S. Copyright Registration No. VA 1-315-002.

23. Set forth below are pictures of plaintiff's original work and defendant's copy:

Berebi Frame 7140



Bombay Crystal Trimmed Frames
Item No. 6300377



24. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered money damages.

25. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

26. Defendant's acts of infringement have been and continue to be willful.

**WHEREFORE**, plaintiff prays for judgment in its favor and against defendant:

- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted work;
- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling the infringing work and any other work derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing work and any other work derived from or substantially similar to the infringing work;
- for an order impounding the infringing work and any other work derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing work and any other work derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to remove from its catalogs, website, and stores all depictions of the infringing work and any other work derived from or substantially similar to the infringing work;
- for an accounting for all profits earned by defendant on the sale of the infringing work and any other work derived from or substantially similar to the infringing work;
- for an award of actual damages plus the defendant's profits, pursuant to 17 U.S.C. §504(b);
- for an award of statutory damages pursuant to 17 U.S.C. § 504(c);

- in view of the willful and deliberate nature of the copyright infringement, for an award of enhanced statutory damages against the defendant in the amount of $150,000 for each work infringed by the defendant, pursuant to 17 U.S.C. §504(c)(2);

- for an award of costs and attorneys' fees, pursuant to 17 U.S.C. § 505;

- for such other relief as the court deems just.

COUNT IV
(Copyright Infringement -- "January 2000 Frames" --
U.S. Copyright Registration No. VA 1-320-915)

27. Paragraphs 1 through 26 are incorporated herein.

28. Defendant has infringed upon and is continuing to infringe upon plaintiff's frame 552, part of plaintiff's "January 2000 Frames" collection, U.S. Copyright Registration No. VA 1-320-915.

29. Set forth below are pictures of plaintiff's original work and defendant's copy:

Berebi Frame 552



Bombay Oval Diamond/Pearl Frame
Item No. 2100186



30. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered money damages.

31. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

32. Defendant's acts of infringement have been and continue to be willful.

WHEREFORE, plaintiff prays for judgment in its favor and against defendant:

- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted work;

- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling the infringing work and any other work derived from or substantially similar to the infringing work;

- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing work and any other work derived from or substantially similar to the infringing work;

- for an order impounding the infringing work and any other work derived from or substantially similar to the infringing work;

- for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing work and any other work derived from or substantially similar to the infringing work;

- for a preliminary and a permanent injunction ordering defendant to remove from its catalogs, website, and stores all depictions of the infringing work and any other work derived from or substantially similar to the infringing work;

- for an accounting for all profits earned by defendant on the sale of the infringing work and any other work derived from or substantially similar to the infringing work;

- for an award of actual damages plus the defendant's profits, pursuant to 17 U.S.C. §504(b);

- for an award of statutory damages pursuant to 17 U.S.C. § 504(c);

- in view of the willful and deliberate nature of the copyright infringement, for an award of enhanced statutory damages against the defendant in the amount of $150,000 for each work infringed by the defendant, pursuant to 17 U.S.C. §504(c)(2);

- for an award of costs and attorneys' fees, pursuant to 17 U.S.C. § 505;

- for such other relief as the court deems just.

**COUNT V**
(Copyright Infringement -- "January 1, 1999 Collection" --
U.S. Copyright Registration No. VA 1-155-858)

33. Paragraphs 1 through 32 are incorporated herein.

34. Defendant has infringed upon and is continuing to infringe upon plaintiff's box 1140, part of plaintiff's "January 1, 1999 Collection", U.S. Copyright Registration No. VA 1-155-858.

35. Set forth below are pictures of plaintiff's original work and defendant's copy:

Berebi Box 1140



Bombay Ruby Heart Box
Item No. 6203209



36. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered money damages.

37. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

38. Defendant's acts of infringement have been and continue to be willful.

WHEREFORE, plaintiff prays for judgment in its favor and against defendant:

- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted work;

- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling the infringing work and any other work derived from or substantially similar to the infringing work;

- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing work and any other work derived from or substantially similar to the infringing work;

- for an order impounding the infringing work and any other work derived from or substantially similar to the infringing work;

- for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing work and any other work derived from or substantially similar to the infringing work;

- for a preliminary and a permanent injunction ordering defendant to remove from its catalogs, website, and stores all depictions of the infringing work and any other work derived from or substantially similar to the infringing work;

- for an accounting for all profits earned by defendant on the sale of the infringing work and any other work derived from or substantially similar to the infringing work;

- for an award of actual damages plus the defendant's profits, pursuant to 17 U.S.C. §504(b);

- for an award of statutory damages pursuant to 17 U.S.C. § 504(c);

- in view of the willful and deliberate nature of the copyright infringement, for an award of enhanced statutory damages against the defendant in the amount of $150,000 for each work infringed by the defendant, pursuant to 17 U.S.C. §504(c)(2);

- for an award of costs and attorneys' fees, pursuant to 17 U.S.C. § 505;

- for such other relief as the court deems just.

**COUNT VI**
**(False Designation of Origin -- Violation of Section 43 of the Lanham Act)**

39. Paragraphs 1 thorough 38 are incorporated herein.

40. Defendants' infringement of plaintiff's original works constitutes a false designation of origin and a false description of goods effecting interstate commerce in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

WHEREFORE, plaintiff pray for judgment in its favor and against the defendant:

- for all remedies available under Section 43 of the Lanham Act, 15 U.S.C. § 1125;
- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted works;
- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling the infringing works and any other works derived from or substantially similar to the infringing works;
- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing works and any other works derived from or substantially similar to the infringing works;
- for an order impounding the infringing works and any other works derived from or substantially similar to the infringing works;
- for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing works and any other works derived from or substantially similar to the infringing works;
- for a preliminary and a permanent injunction ordering defendant to remove from its catalogs, website, and stores all depictions of the infringing works and any other works derived from or substantially similar to the infringing works;
- for an accounting for all profits earned by defendant on the sale of the infringing works and any other works derived from or substantially similar to the infringing works;

- for an award of all damages sustained by plaintiffs;
- for an award of treble damages;
- for an award of costs and attorneys' fees;
- for such other and further relief as the court deems just.

COUNT VII
(Misappropriation)

41. Paragraphs 1 through 40 are incorporated herein.

42. Plaintiff has invested substantial time, effort, and money in the works described herein.

43. Defendant has appropriated the fruits of plaintiff's investment at no cost.

44. As a direct and proximate result of defendant's misappropriation, plaintiff has been injured.

**WHEREFORE**, plaintiff prays for judgment in its favor and against the defendant:

- for an award of actual damages;
- for an award of punitive damages;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

COUNT VIII
(Dilution)

45. Paragraphs 1 through 44 are incorporated herein.

46. Defendant's infringement upon plaintiff's original works, as described herein, causes a likelihood of injury to plaintiff's business reputation and a likelihood of dilution of the distinctive

quality of plaintiff's works, in violation of plaintiff's state common law rights and in violation of R.I.G.L. § 6-2-12.

**WHEREFORE**, plaintiff prays for judgment in its favor and against the defendant:

- for an award of actual damages;
- for an award of defendants' profits;
- for all remedies available under R.I.G.L. § 6-2-12;
- for an award of punitive damages;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

Plaintiff,
By Its Attorney,

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, Rhode Island 02903
Tel. (401) 331-6600
FAX (401) 274-2780

DATED: November 28 2006

Plaintiff claims a trial by jury on all issues so triable.