UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDGAR, INC. | : | |
| | : | |
| v. | : | C.A. No. 06-518T |
| | : | |
| THE BOMBAY COMPANY, INC. | : | |

**ANSWER**

The Bombay Company, Inc. ("Defendant"), in the above-entitled action, for its Answer to the complaint, alleges as follows:

1. Defendant is without sufficient information to form a belief as to the truth of the allegation, and leaves plaintiff to its proof.

2. Defendant admits the allegations contained in the first sentence of paragraph 2. The second sentence of paragraph 2 consists of legal argument to which Defendant is not required to respond. To the extent the second sentence of paragraph 2 purports to allege facts, the Defendant denies the allegation. With regard to the third sentence of paragraph 2, Defendant admits only that it operates one store in Rhode Island and that it operates other stores in other locations in the United States and Canada.

3. Paragraph 3 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 3 purports to allege facts, the Defendant denies the allegations.

4. Defendant is without sufficient information to form a belief as to the truth of the allegation, and leaves plaintiff to its proof.

5. Defendant is without sufficient information to form a belief as to the truth of the allegation, and leaves plaintiff to its proof.

6. Defendant is without sufficient information to form a belief as to the truth of the allegation, and leaves plaintiff to its proof.

7. Paragraph 7 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 7 purports to allege facts, Defendant denies the allegations.

8. Paragraph 8 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 8 purports to allege facts, Defendant denies the allegations.

9. Defendant incorporates its responses to paragraphs 1 through 8 by reference, as if fully set forth herein.

10. Paragraph 10 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 10 purports to allege facts, Defendant denies the allegations.

11. Defendant admits only that the picture set below the title 'Bombay "Red Glamour Frame" 6300351' is a picture of a product listed for sale by Defendant. With regard to the picture set below the title "Berebi Frame 7440 Simone", Defendant is without sufficient information to form a belief as to the truth of the allegation, and leaves plaintiff to its proof. To the extent paragraph 11 purports to allege additional facts, Defendant denies all remaining allegations.

12. Paragraph 12 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 12 purports to allege facts, Defendant denies the allegations.

13. Paragraph 13 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 13 purports to allege facts, Defendant denies the allegations.

14. Paragraph 14 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 14 purports to allege facts, Defendant denies the allegations.

15. Defendant incorporates its responses to paragraphs 1 through 14 by reference, as if fully set forth herein.

16. Paragraph 16 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 16 purports to allege facts, Defendant denies the allegations.

17. Defendant admits only that the picture set below the title "Bombay Ruby Enamel & Crystal Frame Item No. 6300429" is a picture of a product listed for sale by Defendant. With regard to the picture set below the title "Berebi Frame 7445", Defendant is without sufficient information to form a belief as to the truth of the allegation, and leaves plaintiff to its proof. To the extent paragraph 17 purports to allege additional facts, Defendant denies all remaining allegations.

18. Paragraph 18 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 18 purports to allege facts, Defendant denies the allegations.

19. Paragraph 19 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 19 purports to allege facts, Defendant denies the allegations.

20. Paragraph 20 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 20 purports to allege facts, Defendant denies the allegations.

21. Defendant incorporates its responses to paragraphs 1 through 20 by reference, as if fully set forth herein.

22. Paragraph 22 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 22 purports to allege facts, Defendant denies the allegations.

23. Defendant admits only that the picture set below the title "Bombay Crystal Trimmed Frames Item No. 6300377" is a picture of a product listed for sale by Defendant. With regard to the picture set below the title "Berebi Frame 7140", Defendant is without sufficient information to form a belief as to the truth of the allegation, and leaves plaintiff to its proof. To the extent paragraph 23 purports to allege additional facts, Defendant denies all remaining allegations.

24. Paragraph 24 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 24 purports to allege facts, Defendant denies the allegations.

25. Paragraph 25 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 25 purports to allege facts, Defendant denies the allegations.

26. Paragraph 26 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 26 purports to allege facts, Defendant denies the allegations.

27. Defendant incorporates its responses to paragraphs 1 through 26 by reference, as if fully set forth herein.

28. Paragraph 28 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 28 purports to allege facts, Defendant denies the allegations.

29. Defendant admits only that the picture set below the title "Bombay Oval Diamond/Pearl Frame Item No. 2100186" is a picture of a product listed for sale by Defendant. With regard to the picture set below the title "Berebi Frame 552", Defendant is without sufficient information to form a belief as to the truth of the allegation, and leaves plaintiff to its proof. To the extent paragraph 29 purports to allege additional facts, Defendant denies all remaining allegations.

30. Paragraph 30 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 30 purports to allege facts, Defendant denies the allegations.

31. Paragraph 31 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 31 purports to allege facts, Defendant denies the allegations.

32. Paragraph 32 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 32 purports to allege facts, Defendant denies the allegations.

33. Defendant incorporates its responses to paragraphs 1 through 32 by reference, as if fully set forth herein.

34. Paragraph 34 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 34 purports to allege facts, Defendant denies the allegations.

35. Defendant admits only that the picture set below the title "Bombay Ruby Heart Box Item No. 6203209" is a picture of a product listed for sale by Defendant. With regard to the picture set below the title "Berebi Box 1140", Defendant is without sufficient information to form a belief as to the truth of the allegation, and leaves plaintiff to its proof. To the extent paragraph 35 purports to allege additional facts, Defendant denies all remaining allegations.

36. Paragraph 36 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 36 purports to allege facts, Defendant denies the allegations.

37. Paragraph 37 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 37 purports to allege facts, Defendant denies the allegations.

38. Paragraph 38 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 38 purports to allege facts, Defendant denies the allegations.

39. Defendant incorporates its responses to paragraphs 1 through 38 by reference, as if fully set forth herein.

40. Paragraph 40 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 40 purports to allege facts, Defendant denies the allegations.

41. Defendant incorporates its responses to paragraphs 1 through 40 by reference, as if fully set forth herein.

42. Defendant is without sufficient information to form a belief as to the truth of the allegation, and leaves plaintiff to its proof.

43. Paragraph 43 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 43 purports to allege facts, Defendant denies the allegations.

44. Paragraph 44 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 44 purports to allege facts, Defendant denies the allegations.

45. Defendant incorporates its responses to paragraphs 1 through 44 by reference, as if fully set forth herein

46. Paragraph 46 consists of legal argument to which Defendant is not required to respond. To the extent paragraph 46 purports to allege facts, Defendant denies the allegations.

WHEREFORE, Defendant requests judgment in its favor against plaintiff dismissing all claims against it with an award of attorneys' fees and costs of this suit.

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to statutory damages or attorneys' fees under 17 U.S.C. § 412(2)) since Plaintiff did not register its claims of copyright prior to Defendant's alleged infringement or within three months after first publication.

THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages and/or has failed to mitigate its damages, if any.

FOURTH AFFIRMATIVE DEFENSE

At all times, defendant acted in a commercially reasonable and lawful matter.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, since the features of Plaintiff's products are exclusively or primarily functional and therefore are not protectable by trade dress rights.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, since the features of Plaintiff's products and/or the alleged designs neither identifies nor distinguishes the Plaintiff's goods or Services.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to protect and/or enforce its alleged rights.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by prior use and/or registration.

NINTH AFFIRMATIVE DEFENSE

The equitable relief sought by plaintiff is barred by its unclean hands.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, since there is no likelihood of confusion in the market place.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged trade dress is not subject to anti-dillution protection since the features of its products are not strong, famous or distinctive.

TWELFTH AFFIRMATIVE DEFENSE

Defendant's actions are not likely to cause injury to Plaintiff business, reputation or dilution of the distinctive quality, if any, of Plaintiff goods.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, since the features of Plaintiff's products in which it claims trade dress protection lacked a secondary meaning at the time defendant began selling its products and therefore Plaintiff products are not protected by trade dress rights.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no harm and/or irreparable harm.

FIFTEENTH AFFIRMATIVE DEFENSE

Defendant has made no false or misleading statements or representations of fact regarding its products.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendant has not engaged in any deceptive conduct.

SEVENTEENTH AFFIRMATIVE DEFENSE

There is no material confusion or mistake or likelihood of material confusion or mistake.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no injury nor is there a likelihood of injury.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, since the features of Plaintiff's products in which it claims trade dress protection are not "inherently distinctive" because the configuration of the products are not unusual and memorable and therefore are not protected by trade dress rights.

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, since the features of Plaintiff's products in which it claims trade dress protection are not conceptually separable from the product and therefore are not protectable by trade dress rights.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, since the features of plaintiff's products in which it claims trade dress protection are not likely to serve primarily as designator of origin of the product and therefore are not protectable by trade dress rights.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's copyright, if any, are invalid.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's copyright registration, if any, are invalid.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claim fails since the alleged infringing work is not substantially similar to the alleged copyrighted work.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claim is barred by the doctrine of merger and/or scenes a faire.

TWENTY-SIX AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claim is barred by the doctrine of laches.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claim is barred by the doctrine of acquiescence.

TWENTY-EIGHT AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claim is barred by the doctrine of estoppel.

Defendant
THE BOMBAY COMPANY, INC.

By its attorneys,

**R. DANIEL PRENTISS, P.C.**

/s/R. Daniel Prentiss
R. Daniel Prentiss (#0783)
One Financial Plaza, Suite 1800
Providence, RI 02903
Tel: 401-824-5150
Fax: 401-824-5123

Dated: January 25, 2007

## CERTIFICATION

I hereby certify that on this 25th day of January, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, RI 02903
Tel. (401) 331-6600
FAX (401) 274-2780

/s/ R. Daniel Prentiss