UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDGAR, INC.,
Plaintiff,

v. C.A. No. 2006-518-T

THE BOMBAY COMPANY, INC.,
Defendant.

**STIPULATED PROTECTIVE ORDER**

Plaintiff and defendant, through their respective counsel, stipulate and agree, pending further order of the Court, that the following procedures designed to assure the protection of confidential information not already in the public domain due to a designating party's voluntary publication shall govern any discovery, including discovery from non-parties, in this action.

1) Any signatory hereto may designate as "Confidential" any document produced in this action (whether pursuant to a formal discovery request or otherwise), any document marked as an exhibit at any deposition taken in this action, the transcript of any deposition (or portions thereof) taken in this action, or any information given by interrogatory answer. Such documents, information and transcripts so designated are hereinafter referred to as "Confidential Information."

2) With respect to any document to be produced or interrogatory answer given, any designation of confidentiality shall be made prior to the date on which the document, or series of documents, is produced or answer given by placing upon it a legend stating "Confidential." With respect to any deposition exhibit or transcript (or portions thereof) a confidential designation shall be made on the record at the deposition or within thirty (30) days of receipt of the deposition transcript or thirty (30) days from the date of this Order, whichever is later, and the transcript (or portions thereof) of such deposition shall be so marked.

3) Information designated “Confidential” may be shown, or its contents disclosed, to the following persons and the following persons only:

(a) the parties to this case;

(b) counsel of record, general counsel and office personnel employed and assisting them in this case;

(c) witnesses testifying in this action either in discovery or at trial;

(d) any expert, investigator or consultant retained by counsel in connection with this case;

(e) the Court before which this case is pending; and

(f) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

4) Confidential Information shall be used or disclosed solely for the purpose of assisting counsel of record in connection with this litigation and not for any business purpose or any other purpose whatsoever.

5) Counsel agree to make all reasonable efforts to ensure compliance with this Protective Order.

6) This Order is intended to protect information as to which there is no obligation owed other than confidentiality. Any signatory hereto shall have the right to object to any disclosure of information or production of any document it deems to be Confidential Information subject to this Order on any other ground it may deem appropriate pursuant to the Rules of Civil Procedure.

7) Any signatory hereto, upon duly noticed motion, may seek relief from, or modification of, this Order or challenge the designation of documents, information or transcripts as “Confidential”.

8) Upon the final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either: (1) assemble and return all Confidential Information within their control or the control of

those to whom they distributed any such information, including all copies thereof, to the designating party, or (2) certify in writing that all Confidential Information within their control or the control of those to whom they distributed any such information has been destroyed. Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product which refer to or incorporate Confidential Information and will continue to be bound by the terms of this Order with respect to any such information.

9) Filing with the Court of any document or/information that is subject to this protective order shall be considered a disclosure unless the document or information is filed under seal. No document or information may be filed under seal without prior authorization from the Court. The parties shall make every effort to avoid seeking to file documents or information under seal. Any order authorizing the filing of documents or information under seal or prohibiting the disclosure of information, shall be subject to review at the request of any party, any member of the public, or the Court *sua sponte.*

STIPULATED AND AGREED TO:

Plaintiff,
By Its Attorney,

/s/ Michael H. Feldhuhn
_____________________________
Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, RI 02903
Tel. (401) 331-6600
FAX (401) 274-2780

Defendant,
By Its Attorney,

/s/ Seth Yurdin
_____________________________
Seth Yurdin (#7407)
R. DANIEL PRENTISS, P.C.
One Financial Plaza, Suite 1800
Providence, RI 02903
Tel. (401) 824-5150
FAX (401) 824-5123

ENTER:

______________________________________
The Honorable Ernest C. Torres
United States Senior District Judge

Date: __________