**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**EDGAR, INC.,**
**Plaintiff,**

**v.** **C.A. No. 2006-518-T**

**THE BOMBAY COMPANY, INC.,**
**Defendant.**

**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**Pursuant to F.R.Civ.P. 15(a), plaintiff hereby moves for leave to file an amended complaint in the form annexed hereto as Exhibit "A". A supporting memorandum accompanies this motion.**

**Plaintiff,**
**By Its Attorney,**

**/s/ Michael H. Feldhuhn**

**Michael H. Feldhuhn (#3344)**
**56 Pine Street**
**Suite 200**
**Providence, Rhode Island 02903**
**Tel. (401) 331-6600**
**FAX (401) 274-2780**

**DATED: July 27, 2007**

**CERTIFICATION**

**I hereby certify that on this 27th day of July, 2007, this document was filed electronically and is available for reviewing and downloading to the following ECF registered counsel of record in this case:**

**Seth Yurdin, Esquire**
**R. Daniel Prentiss, Esquire**
**R. DANIEL PRENTISS, P.C.**
**One Turks Head Place**
**Providence, RI 02903**

**/s/ Michael H. Feldhuhn**

# EXHIBIT "A"

# (Proposed First Amended Complaint)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**EDGAR, INC.,**
**Plaintiff,**

**v.** **C.A. No. 2006-518-T**

**THE BOMBAY COMPANY, INC.,** **JURY TRIAL CLAIMED**
**Defendant.**

**FIRST AMENDED COMPLAINT**

**PARTIES**

**1. Plaintiff, EDGAR, INC., is a New York corporation with its offices in Providence, Rhode Island.**

**2. Defendant, THE BOMBAY COMPANY, INC. ("BOMBAY COMPANY"), is a Delaware corporation with its headquarters in Fort Worth, Texas. BOMBAY COMPANY has sufficient contacts with this forum to subject it to this court's *in personam* jurisdiction. Bombay Company operates retail stores in Rhode Island and throughout the United States and Canada.**

**JURISDICTION**

**3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this matter arises under federal law. In particular, this is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* This court also has supplemental jurisdiction over the related state law claims, pursuant to 28 U.S.C. § 1367.**

**FACTS**

**4. Plaintiff, Edgar, Inc., manufactures and sells original gifts items created by Edgar Berebi, a world famous artist whose**

original works of art include jewelry, stemware, picture frames, and collectible boxes. Edgar Berebi's genuine works are sold at high-end boutiques, jewelry stores, and department stores, such as Bloomingdale's.

5. Berebi's original works are registered with the U.S. Copyright Office and are the subject of more than 3,000 federal copyright registrations.

6. Among plaintiff's registered works are the following:

"#7440 Simone"
U.S. Copyright Registration No. VA 1-325-092
Registration Date: 11/17/2005

"January 2003 Frame Collection"
U.S. Copyright Registration No. VA 1-319-111
Registration Date: 5/4/2005

"June 2001 Frames"
U.S. Copyright Registration No. VA 1-315-002
Registration Date: 5/4/2005

"January 2000 Frames"
U.S. Copyright Registration No. VA 1-320-915
Registration Date: 5/20/2005

"January 1, 1999 Collection"
U.S. Copyright Registration No. VA 1-155-858
Registration Date: 2/6/2003

"January 2000 Giftware"
U.S. Copyright Registration No. VA 1-303-756
Registration Date: 5/9/2000

[Copies of the Certificates of Registration from the U.S. Copyright Office for the above works are annexed hereto as Exhibits 1 through 6.]

7. Without plaintiff's permission and in violation of plaintiff's rights, defendant is selling and offering for sale goods that imitate, copy, and infringe upon plaintiff’s original, copyrighted works.

8. Defendant is conducting its infringing activities through its network of more than 450 retail stores, including its retail stores in Rhode Island; through its interactive web site, www.bombaycompany.com; and through specialty catalogs, including its current catalog, entitled "Bombay 2006 Holiday Gift Guide".

9. On November 29, 2006, plaintiff initiated this action against the defendant. Defendant received the summons and complaint the next day.

10. Despite actual notice of plaintiff's claims, defendant continued selling the infringing goods. In fact, defendant continued its sales of the infringing goods even after assuring plaintiff that all sales had ceased.

11. More than seven months after the case began, plaintiff found defendant selling yet another infringing style, Bombay's Owl Enamel Box. The infringing item was accompanied by a copyright notice by which the defendant falsely claims ownership of the infringing design.

12. Upon information and belief, defendant has sold in excess of 80,000 units of the infringing goods; derived profits in excess of $800,000; and caused plaintiff to lose profits of approximately $7 Million.

13. Defendant's conduct, including its continued sales after having been notified of plaintiff's claims, its continued sales after assuring plaintiff that all sales had stopped, and its false claims of ownership to designs owned by plaintiff, was willful, malicious, intentional, and deliberate.

**COUNT I**
**(Copyright Infringement -- "#7440 Simone" --**
**U.S. Copyright Registration No. VA 1-325-092)**

14. Paragraphs 1 through 13 are incorporated herein.

15. Defendant has infringed upon and is continuing to infringe upon "#7440 Simone", U.S. Copyright Registration No. VA 1-325-092.

16. Set forth below are pictures of plaintiff's original work and defendant's copy:

Berebi Frame 7440 Simone



Bombay "Red Glamour Frame" 6300351




17. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered money damages.

18. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

19. Defendant's acts of infringement have been and continue to be willful.

WHEREFORE, plaintiff prays for judgment in its favor and against defendant:

- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted work;
- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling the infringing work and any other works derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing work and any other work derived from or substantially similar to the infringing work;
- for an order impounding the infringing work and any other work derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing work and any other work derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to remove from its catalogs, website, and stores all depictions of the infringing work and any other work derived from or substantially similar to the infringing work;
- for an accounting for all profits earned by defendant on the sale of the infringing work and any other work derived from or substantially similar to the infringing work;
- for an award of actual damages plus the defendant's profits, pursuant to 17 U.S.C. §504(b);
- for an award of statutory damages pursuant to 17 U.S.C. § 504(c);
- in view of the willful and deliberate nature of the copyright infringement, for an award of enhanced statutory damages against the defendant in the amount of $150,000 for each work infringed by the defendant, pursuant to 17 U.S.C. §504(c)(2);
- for an award of costs and attorneys' fees, pursuant to 17 U.S.C. § 505;
- for such other relief as the court deems just.

**COUNT II**
**(Copyright Infringement -- "January 2003 Frame Collection" -- U.S. Copyright Registration No. VA 1-319-111)**

20. Paragraphs 1 through 19 are incorporated herein.

21. Defendant has infringed upon and is continuing to infringe upon plaintiff's frame 7455, part of the "January 2003 Frame Collection", U.S. Copyright Registration No. VA 1-319-111.

22. Set forth below are pictures of plaintiff's original work and defendant's copy:

<u>Berebi Frame 7445</u>



<u>Bombay Ruby Enamel & Crystal Frame Item No. 6300429</u>



23. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered money damages.

24. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

25. Defendant's acts of infringement have been and continue to be willful.

**WHEREFORE**, plaintiff prays for judgment in its favor and against defendant:

- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted work;
- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling the infringing work and any other works derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing work and any other work derived from or substantially similar to the infringing work;
- for an order impounding the infringing work and any other work derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing work and any other work derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to remove from its catalogs, website, and stores all depictions of the infringing work and any other work derived from or substantially similar to the infringing work;
- for an accounting for all profits earned by defendant on the sale of the infringing work and any other work derived from or substantially similar to the infringing work;
- for an award of actual damages, plus the defendant's profits, pursuant to 17 U.S.C. §504(b);
- for an award of statutory damages pursuant to 17 U.S.C. § 504(c);
- in view of the willful and deliberate nature of the copyright infringement, for an award of enhanced statutory damages against the defendant in the amount of $150,000 for each work infringed by the defendant, pursuant to 17 U.S.C. §504(c)(2);
- for an award of costs and attorneys’ fees, pursuant to 17 U.S.C. § 505;
- for such other relief as the court deems just.

**COUNT III**
**(Copyright Infringement -- "June 2001 Frames" --**
**U.S. Copyright Registration No. VA 1-315-002)**

26. Paragraphs 1 through 25 are incorporated herein.

27. Defendant has infringed upon and is continuing to infringe upon plaintiff's frame 7140, part of plaintiff's "June 2001 Frames" collection, U.S. Copyright Registration No. VA 1-315-002.

28. Set forth below are pictures of plaintiff's original work and defendant's copy:

| Berebi Frame 7140 | Bombay Crystal Trimmed Frames Item No. 6300377 |
|---|---|
|  |  |

29. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered money damages.

30. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

**31. Defendant's acts of infringement have been and continue to be willful.**

**WHEREFORE, plaintiff prays for judgment in its favor and against defendant:**

- **for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted work;**
- **for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for an order impounding the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for a preliminary and a permanent injunction ordering defendant to remove from its catalogs, website, and stores all depictions of the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for an accounting for all profits earned by defendant on the sale of the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for an award of actual damages, plus the defendant's profits, pursuant to 17 U.S.C. §504(b);**
- **for an award of statutory damages pursuant to 17 U.S.C. § 504(c);**
- **in view of the willful and deliberate nature of the copyright infringement, for an award of enhanced statutory damages against the defendant in the amount of $150,000 for each work infringed by the defendant, pursuant to 17 U.S.C. §504(c)(2);**
- **for an award of costs and attorneys' fees, pursuant to 17 U.S.C. § 505;**
- **for such other relief as the court deems just.**

**COUNT IV**
**(Copyright Infringement -- "January 2000 Frames" --**
**U.S. Copyright Registration No. VA 1-320-915)**

32. Paragraphs 1 through 31 are incorporated herein.

33. Defendant has infringed upon and is continuing to infringe upon plaintiff's frame 552, part of plaintiff's "January 2000 Frames" collection, U.S. Copyright Registration No. VA 1-320-915.

34. Set forth below are pictures of plaintiff's original work and defendant's copy:

Berebi Frame 552



Bombay Oval Diamond/Pearl Frame
Item No. 2100186



35. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered money damages.

36. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

**37. Defendant's acts of infringement have been and continue to be willful.**

**WHEREFORE, plaintiff prays for judgment in its favor and against defendant:**

- **for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted work;**
- **for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for an order impounding the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for a preliminary and a permanent injunction ordering defendant to remove from its catalogs, website, and stores all depictions of the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for an accounting for all profits earned by defendant on the sale of the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for an award of actual damages, plus the defendant's profits, pursuant to 17 U.S.C. §504(b);**
- **for an award of statutory damages pursuant to 17 U.S.C. § 504(c);**
- **in view of the willful and deliberate nature of the copyright infringement, for an award of enhanced statutory damages against the defendant in the amount of $150,000 for each work infringed by the defendant, pursuant to 17 U.S.C. §504(c)(2);**
- **for an award of costs and attorneys' fees, pursuant to 17 U.S.C. § 505;**
- **for such other relief as the court deems just.**

**COUNT V**
**(Copyright Infringement -- Berebi Box 1140 -- "January 1, 1999 Collection" -- U.S. Copyright Registration No. VA 1-155-858)**

38. Paragraphs 1 through 37 are incorporated herein.

39. Defendant has infringed upon and is continuing to infringe upon plaintiff's box 1140, part of plaintiff's "January 1, 1999 Collection", U.S. Copyright Registration No. VA 1-155-858.

40. Set forth below are pictures of plaintiff's original work and defendant's copy:

Berebi Box 1140



Bombay Ruby Heart Box
Item No. 6203209



41. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered money damages.

42. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

43. Defendant's acts of infringement have been and continue to be willful.

WHEREFORE, plaintiff prays for judgment in its favor and against defendant:

- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted work;

- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling the infringing work and any other work derived from or substantially similar to the infringing work;

- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing work and any other work derived from or substantially similar to the infringing work;

- for an order impounding the infringing work and any other work derived from or substantially similar to the infringing work;

- for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing work and any other work derived from or substantially similar to the infringing work;

- for a preliminary and a permanent injunction ordering defendant to remove from its catalogs, website, and stores all depictions of the infringing work and any other work derived from or substantially similar to the infringing work;

- for an accounting for all profits earned by defendant on the sale of the infringing work and any other work derived from or substantially similar to the infringing work;

- for an award of actual damages, plus the defendant's profits, pursuant to 17 U.S.C. §504(b);

- for an award of statutory damages pursuant to 17 U.S.C. § 504(c);

- in view of the willful and deliberate nature of the copyright infringement, for an award of enhanced statutory damages against the defendant in the amount of $150,000 for each work infringed by the defendant, pursuant to 17 U.S.C. §504(c)(2);

- for an award of costs and attorneys' fees, pursuant to 17 U.S.C. § 505;

- for such other relief as the court deems just.

**COUNT VI**

**(Copyright Infringement -- Berebi Owl Box 1002 -- "January 2000 Giftware" -- U.S. Copyright Registration No. VA 1-303-756)**

44. Paragraphs 1 through 43 are incorporated herein.

45. Defendant has infringed upon and is continuing to infringe upon plaintiff's Owl Box 1002, part of plaintiff's "January 2000 Giftware Collection", U.S. Copyright Registration No. VA 1-303-756.

46. Set forth below are pictures of plaintiff's original work and defendant's copy:

Berebi Owl Box 1002



Bombay Owl Enamel Box
Item No. 2501390



47. Moreover, the infringing item is accompanied by a copyright notice by which the defendant falsely claims ownership of the infringing design.

48. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered money damages.

49. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

50. Defendant's acts of infringement have been and continue to be willful.

**WHEREFORE, plaintiff prays for judgment in its favor and against defendant:**

- **for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted work;**
- **for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for an order impounding the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for a preliminary and a permanent injunction ordering defendant to remove from its catalogs, website, and stores all depictions of the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for an accounting for all profits earned by defendant on the sale of the infringing work and any other work derived from or substantially similar to the infringing work;**
- **for an award of actual damages, plus the defendant's profits, pursuant to 17 U.S.C. §504(b);**
- **for an award of statutory damages pursuant to 17 U.S.C. § 504(c);**
- **in view of the willful and deliberate nature of the copyright infringement, for an award of enhanced statutory damages against the defendant in the amount of $150,000 for each work infringed by the defendant, pursuant to 17 U.S.C. §504(c)(2);**
- **for an award of costs and attorneys' fees, pursuant to 17 U.S.C. § 505;**
- **for such other relief as the court deems just.**

**COUNT VII**
**(False Designation of Origin --
Violation of Section 43 of the Lanham Act)**

51. Paragraphs 1 thorough 50 are incorporated herein.

52. Defendants' infringement of plaintiff's original works constitutes a false designation of origin and a false description of goods effecting interstate commerce in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

WHEREFORE, plaintiff pray for judgment in its favor and against the defendant:

- for all remedies available under Section 43 of the Lanham Act, 15 U.S.C. § 1125;
- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted works;
- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling the infringing works and any other works derived from or substantially similar to the infringing works;
- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing works and any other works derived from or substantially similar to the infringing works;
- for an order impounding the infringing works and any other works derived from or substantially similar to the infringing works;
- for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing works and any other works derived from or substantially similar to the infringing works;
- for a preliminary and a permanent injunction ordering defendant to remove from its catalogs, website, and stores all depictions of the infringing works and any other works derived from or substantially similar to the infringing works;
- for an accounting for all profits earned by defendant on the sale of the infringing works and any other works derived from or substantially similar to the infringing works;
- for an award of all damages sustained by plaintiff;

for an award of treble damages;

for an award of costs and attorneys' fees;

for such other and further relief as the court deems just.

**COUNT VIII**
**(Misappropriation)**

53. Paragraphs 1 through 52 are incorporated herein.

54. Plaintiff has invested substantial time, effort, and money in the works described herein.

55. Defendant has appropriated the fruits of plaintiff's investment at no cost.

56. As a direct and proximate result of defendant's misappropriation, plaintiff has been injured.

WHEREFORE, plaintiff prays for judgment in its favor and against the defendant:

- for an award of actual damages;
- for an award of punitive damages;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

**COUNT IX**
**(Dilution)**

57. Paragraphs 1 through 56 are incorporated herein.

58. Defendant's infringement upon plaintiff's original works, as described herein, causes a likelihood of injury to plaintiff's business reputation and a likelihood of dilution of the distinctive

**quality of plaintiff's works, in violation of plaintiff's state common law rights and in violation of R.I.G.L. § 6-2-12.**

**WHEREFORE, plaintiff prays for judgment in its favor and against the defendant:**

- **for an award of actual damages;**
- **for an award of defendants' profits;**
- **for all remedies available under R.I.G.L. § 6-2-12;**
- **for an award of punitive damages;**
- **for an award of costs and attorneys' fees;**
- **for such other relief as the court deems just.**

**Plaintiff,**
**By Its Attorney,**

**___________________________**

**Michael H. Feldhuhn (#3344)**
**56 Pine Street**
**Suite 200**
**Providence, Rhode Island 02903**
**Tel. (401) 331-6600**
**FAX (401) 274-2780**

**DATED: _______________ , 2007**

**Plaintiff claims a trial by jury on all issues so triable.**

**___________________________**

*** EXHIBITS TO AMENDED COMPLAINT (SIX COPYRIGHT CERTIFICATES OF REGISTRATION) HAVE BEEN INTENTIONALLY OMITTED ***